COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-07-092-CR

 

 

LESLIE
JOSEPH HOFMAN                                                      APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Upon his plea of not guilty, a jury convicted
Appellant Leslie Joseph Hofman of possession of a controlled substance in a
correctional facility.  After he pled
true to enhancement paragraphs, the jury assessed his punishment at thirty-five
years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice, and the trial court sentenced him accordingly.








Appellant does not challenge the sufficiency of
the evidence.  In his sole point, he
contends that the trial court reversibly erred by overruling his
chain-of-custody objections.  As the
Texas Court of Criminal Appeals has explained,

A trial judge has great discretion in the admission of evidence at
trial, and although the evidentiary rules do not specifically address proper
chain of custody, they do state that identification for admissibility purposes
is satisfied if the evidence is sufficient to support a finding that the matter
in question is what its proponent claims. . . . Absent evidence of tampering or
other fraud, which has not been presented here, problems in the chain of
custody do not affect the admissibility of the evidence.  Instead, such problems affect the weight that
the fact‑finder should give the evidence, which may be brought out and
argued by the parties.[2]

 

Lieutenant Angelia M. Jones, who worked at the
Hood County Jail, testified that on May 3, 2006, she searched inmate Appellant=s brown
loafer after he had worn it working outside that day.  She found a baggie of marijuana after
removing the insole.  Joseph Yelverton, a
former Hood County jailer, testified that he witnessed the discovery.  Jones testified that the package of marijuana
in State=s
Exhibit 3 appeared to be the same size and color as that found in Appellant=s
shoe.  Jones did not put any identifying
marks on the baggie but gave it to Deputy Patrick T. Felan of the Hood County
Sheriff=s Office
for CID to investigate.








Deputy Felan testified that Jones gave him the
baggie of marijuana, and he weighed it, put it inside another bag, and sealed
the outside bag.  He wrote the case
number, his own name, and Appellant=s name
on the outside bag. Felan then logged the evidence into a locker and locked the
locker.  He testified that the baggie of
marijuana in State=s Exhibit 3 appeared to be the
same baggie that he received from Jones, but he also testified that the outside
bag or envelope in Exhibit 3 did not have his identifying marks and was the
evidence custodian=s, not his.

Jennifer Fields, who was a property custodian for
the Hood County Sheriff=s Department in May 2006,
testified that she took the baggie of marijuana out of the brown paper bag it
came to her in, threw that bag away, took a picture of the marijuana, sealed
the baggie of marijuana in a new bag or envelope, wrote an identifying number
on the sealed bag or envelope, and put it in the property vault.  She identified some of the handwriting on the
outside bag or envelope of State=s
Exhibit 3 as her own.  She testified that
she wrote the case number on the outside bag or envelope, that the number
matched the case number from Felan=s
report, and that she sent the sealed envelope to the lab.








Lindsay Kaltwasser, a DPS forensic scientist,
testified that the outside envelope or bag of State=s
Exhibit 3 contained the lab case number and her initials, as did the inside
baggie.  She stated that she weighed the
marijuana, analyzed it, and returned it to the law enforcement agency.

This evidence is sufficient to support a finding
that the marijuana in State=s
Exhibit 3 is the same marijuana found in Appellant=s shoe,
and the record before us is devoid of evidence of tampering or fraud.[3]  Consequently, we hold that the trial court
did not abuse its discretion by admitting the evidence.  We overrule Appellant=s sole
point and affirm the trial court=s
judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  August 31, 2007











[1]See Tex. R. App. P. 47.4.





[2]Druery v. State,
225 S.W.3d 491, 503-04 (Tex. Crim. App. 2007) (citations omitted); see also
Tex. R. Evid. 901(a).





[3]See Druery,
225 S.W.3d at 503-04; see also Tex.
R. Evid. 901(a).